J-S56018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LINWOOD CHESTER COPELAND | |
| Appellant | No. 575 MDA 2014 |

Appeal from the PCRA Order of March 4, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0005742-2012

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.: **FILED OCTOBER 23, 2014**

Linwood Chester Copeland appeals from the order dismissing his first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Specifically, he claims ineffective assistance of plea counsel. We affirm.

On June 10, 2013, following oral and written guilty plea colloquies, Copeland entered a negotiated guilty plea to indecent assault, unlawful contact of a minor, and corruption of minors.[1] The same day, he was sentenced to not less than two and a half nor more than five years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 6318(a)(1), and 6301(a)(1)(ii), respectively.

incarceration each for indecent assault and corruption of minors, and two years' supervision for unlawful contact with a minor, all to be served consecutively, for an aggregate sentence of five to ten years' incarceration plus two years' supervision. Copeland did not file post-sentence motions or a direct appeal. Following evaluation by the Sexual Offender Board, on September 4, 2013, Copeland was determined to be a sexual offender subject to registration upon release. *See* 42 Pa.C.S.A. § 9799.12.

On December 4, 2013, Copeland filed a *pro se* PCRA petition, claiming ineffective assistance of counsel because his sentences were ordered to be served consecutively instead of concurrently and because counsel failed to correct this oversight upon Copeland's request. The PCRA court appointed counsel, who filed a **Turner/Finley** no-merit letter[2] on January 24, 2014, stating that, upon her independent review, Copeland's petition had no merit. On February 3, 2014, the PCRA court granted counsel's motion to withdraw and issued notice pursuant to Pennsylvania Rule of Criminal Procedure 907 of its intent to dismiss Copeland's petition without a hearing. Copeland responded *pro se* on February 21, 2014, stating that he wished to proceed with his petition and that he "[did] have merit in [his] complaints." Reply to Order of Intention to Dismiss, 2/21/2014. On March 4, 2014, the PCRA court dismissed Copeland's petition.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Copeland timely filed a *pro se* notice of appeal, and pursuant to the PCRA court's order, a timely concise statement of errors complained of on appeal on April 16, 2014. **See** Pa.R.A.P. 1925(b). The PCRA court entered its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) on April 23, 2014, incorporating by reference its memorandum opinion of February 3, 2014.

Copeland raises one issue for our review: "Was [Copeland] denied the effective assistance of counsel where trial counsel refused to file withdrawal of [his] plea, reconsideration, and modification of the 5-10 year sentence[?]" Copeland's Brief at 7 (unnumbered).

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lewis**, 63 A.3d 1274, 1278 (Pa. Super. 2013).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.
>
> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on

- 3 -

whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Wah***, 42 A.3d 335, 338-39 (Pa. Super. 2012) (citations and quotation marks omitted).

Copeland contends that his plea was involuntary because counsel led him to believe that if he pleaded guilty to the felony charges he would receive a sentence of two and a half to five years each, to run concurrently. Copeland's Brief at 8. This claim is belied by the record.

On June 10, 2013, Copeland submitted a written guilty plea colloquy, in which he acknowledged that his attorney had explained the charges and associated maximum penalties, that he was satisfied with his attorney and his representation, and that his plea was voluntarily made and in his best interests. Written Plea Colloquy, 6/10/2013. At the plea hearing, the court conducted an additional oral colloquy, at which the following was elicited:

> [The Commonwealth]: . . . It is my understanding the defendant is prepared to enter a guilty plea pursuant to a negotiated plea agreement in this matter; specifically, the defendant would receive a sentence of five to ten years in a State Correctional Institut[ion] and that he would receive a consecutive two years of probation.
>
> \* \* \*
>
> In addition, the defendant would be subject to the standard conditions for sexual offenders.
>
> It's my understanding further, Your Honor, that he is willing to be sentenced today so that he can be transferred to SCI, and that we would do the Megan's Law hearing during a subsequent proceding. And we would just submit a court order to Your Honor for the evaluation.
>
> The Court: Excellent.

[The Commonwealth]: Sir, is that your understanding of the agreement in this case?

[Copeland]: Yes.

Notes of Testimony ("N.T.") Guilty Plea, 6/10/2013, at 2-3. Additionally, the Commonwealth asked Copeland, "Do you understand that by signing this colloquy that you are indicating you understand everything in it, you've reviewed it with your attorney, and it is your intention to enter a guilty plea to the charges pursuant to the negotiated guilty plea agreement?" to which he responded, "Yes." *Id.* at 5. The court accepted the guilty plea and counsel for Copeland requested that the court "impose the negotiated agreement in this case." *Id.* at 7. Thus, the court structured Copeland's guilty pleas to Count 1 and Count 3 to two and a half to five years each, to be served consecutively, for an aggregate sentence of the agreed-to five- to ten-year sentence. *Id.* at 12.

It is well-settled that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999). Consequently, where Copeland agreed with the Commonwealth that he had knowingly and voluntarily negotiated a sentence of five to ten years' incarceration, N.T. at 2, he cannot now claim that he believed the two-and-a-half to five year sentences on Counts 1 and 3 would be ordered to be served concurrently. Therefore, there is no underlying merit to his claim that his negotiated guilty

plea was involuntary or unknowing, and his claim of ineffective assistance of counsel on this ground fails. **Wah**, 42 A.3d at 338-39. The record supports the findings of the PCRA court, and Copeland is not entitled to relief on this claim.

Additionally, Copeland contends that counsel was ineffective for failing to file a motion to correct his sentence.

"Counsel's failure to file post-sentence motions [does] not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice." **Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011); **cf. Commonwealth v. Ousley**, 21 A.3d 1238, 1245 n.8 (Pa. Super. 2011) ("Inasmuch as the filing of a post-sentence motion is not necessary in order to preserve a legality of sentencing claim for direct appeal, and there is no merit to Appellant's underlying legality of sentencing claim, we find no relief is due.").

Here, Copeland was informed of his post-sentencing rights in his written guilty plea colloquy, and agreed that "the only things that can be raised on appeal are the voluntariness of the plea, the jurisdiction of this court to hear the plea, and the legality of whatever sentence is imposed." Written Plea Colloquy, 6/10/2013, at 2-3; **see also Commonwealth v. Stewart**, 867 A.2d 589, 591 (Pa. Super. 2005) ("A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence.").

Copeland's only challenge to his guilty plea is on the grounds of involuntariness, a claim which, as previously discussed, lacks merit. Therefore, Copeland has not proven that he was prejudiced by counsel's failure to file a post-sentence motion to correct his sentence.[3] *See Corley*, 31 A.3d at 296; *Ousley*, 21 A.3d at 1245 n.8. Thus, Copeland's allegation of ineffective assistance of counsel on this ground does not merit relief. *Wah*, 42 A.3d at 338-39. Accordingly, the PCRA court did not err in dismissing his petition. *Lewis*, 63 A.3d at 1278.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2014

_____

[3]    We further observe that there is no support in the record for Copeland's claim that he, in fact, requested that counsel file post-sentence motions or a direct appeal. *See Lewis*, 63 A.3d at 1278.